IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JUL 09 2018
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INFORMATION** |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:18 CR 355 |
| JAMES HALPIN, | ) | Title 21, Sections 841(a)(1), (b)(1)(C) and 846, United States Code; Title 18, Section 2, United States Code |
| Defendant. | ) | |

JUDGE BOYKO

GENERAL ALLEGATIONS

1. The "clear" or "surface" web is part of the internet accessible to anyone with a standard browser and that standard web search engines can index. The deep web is the part of the internet whose contents are not indexed by standard web search engines. The dark net is a part of the deep web that not only cannot be discovered through a traditional search engine, but also has been intentionally hidden and is inaccessible through standard browsers and methods.

2. Dark net marketplaces operate on the dark net. These sites are generally only accessible through the input of specific addresses in a TOR browser. The dark net marketplaces function primarily as black markets, selling or brokering transactions involving drugs, cyber-arms, weapons, counterfeit currency, stolen credit card details, forged documents, unlicensed pharmaceuticals, steroids, and other illicit goods as well as the occasional sale of legal products. Dark net vendors (also known as distributors) operate on these dark net markets as sellers of these goods. They provide detailed information about their wares on these sites, including listings of their drugs for sale, (contact information such as TOR-based email or encrypted messaging applications), and the prices and quantities of drugs for sale in bitcoins.

3. JAMES HALPIN and Grace Bosworth, named but not indicted herein, managed and controlled the "MOTLEYFOOL" account on the dark net marketplace AlphaBay. As part of their criminal enterprise, HALPIN and Bosworth bought fentanyl and fentanyl analogues from an overseas supplier who also operated on AlphaBay and then re-distributed fentanyl and fentanyl analogues across the United States and worldwide to "MOTLEYFOOL" customers.

## COUNT 1
(Conspiracy to Distribute Controlled Substances, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846)

The United States Attorney charges:

4. The factual allegations in paragraphs 1 through 3 of the General Allegations are re-alleged and incorporated by reference in this count, as though fully set forth herein.

5. From on or about January 1, 2017 to on or about June 7, 2017, the exact dates unknown to the United States Attorney, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant JAMES HALPIN and Grace Bosworth, named but not indicted herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other to possess with the intent to distribute and to distribute a mixture or substance containing detectable amounts of fentanyl, a Schedule II controlled substance; and a mixture or substance containing a detectable amount of carfentanil, a Schedule II controlled substance, fentanyl, a Schedule II controlled substance, and furanyl fentanyl, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846.

## COUNT 2
(Distribution of Carfentanil, Fentanyl, and Furanyl Fentanyl Mixture, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2)

The United States Attorney further charges:

6. The factual allegations in paragraphs 1 through 3 of the General Allegations are

re-alleged and incorporated by reference in this count, as though fully set forth herein.

    7.    On or about May 30, 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant JAMES HALPIN and Grace Bosworth, named but not indicted herein, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of carfentanil, a Schedule II controlled substance, fentanyl, a Schedule II controlled substance, and furanyl fentanyl, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 3
(Attempted Distribution of Carfentanil, Fentanyl, and Furanyl Fentanyl Mixture, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2)

The United States Attorney further charges:

    8.    The factual allegations in paragraphs 1 through 3 of the General Allegations are re-alleged and incorporated by reference in this count, as though fully set forth herein.

    9.    On or about June 7, 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant JAMES HALPIN and Grace Bosworth, named but not indicted herein, did knowingly and intentionally attempt to distribute a mixture or substance containing a detectable amount of carfentanil, a Schedule II controlled substance, fentanyl, a Schedule II controlled substance, and furanyl fentanyl, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), 846, and Title 18, United States Code, Section 2.

## COUNT 4
(Attempted Distribution of Carfentanil, Fentanyl, and Furanyl Fentanyl Mixture, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2)

The United States Attorney further charges:

    10.    The factual allegations in paragraphs 1 through 3 of the General Allegations are

re-alleged and incorporated by reference in this count, as though fully set forth herein.

11. On or about June 7, 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant JAMES HALPIN and Grace Bosworth, named but not indicted herein, did knowingly and intentionally attempt to possess with intent to distribute a mixture or substance containing a detectable amount of carfentanil, a Schedule II controlled substance, fentanyl, a Schedule II controlled substance, and furanyl fentanyl, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), 846, and Title 18, United States Code, Section 2.

## FORFEITURE

The United States Attorney further charges:

12. The allegations contained in Counts 1-4 of this Information are hereby re-alleged and incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853. As a result of these offenses, Defendant JAMES HALPIN shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violations; and, any and all of the defendant's property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.

United States v. James Halpin

                                JUSTIN E. HERDMAN
                                United States Attorney

By:   _____
        ROBERT F. CORTS
        Chief, OCDETF Unit